**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-4820**

─────────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

RONALD ROBERTS SMITH, aka Boy, aka Ronald
Lloyd Smith,

          Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (2:05-cr-00982-PMD)

─────────────

Submitted:  February 28, 2008          Decided:  March 3, 2008

─────────────

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant.  John Charles Duane, Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Roberts Smith appeals his conviction and 120-month sentence entered pursuant to his guilty plea for possession with the intent to distribute and distribution of cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C) (2000). Smith's attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal, but questions whether the district court complied with Fed. R. Crim. P. 11 in accepting Smith's guilty plea and whether the sentence was reasonable. Although informed of his right to file a pro se supplemental brief, Smith has not done so. Finding no reversible error, we affirm.

Smith did not move in the district court to withdraw his guilty plea, therefore this court reviews his challenge to the adequacy of the Rule 11 hearing for plain error. <u>See</u> <u>United States v. Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002). Prior to accepting a guilty plea, the trial court must ensure the defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and other various rights, so it is clear that the defendant is knowingly and voluntarily entering his plea. The court must also determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(1), (3); <u>United States v. DeFusco</u>, 949 F.2d 114, 116, 120 (4th Cir. 1991). Counsel does

not specify any deficiencies in the district court's Rule 11 inquiry, and our review of the plea hearing transcript reveals that the court conducted a thorough Rule 11 colloquy that assured Smith's plea was made both knowingly and voluntarily.

Smith also contends his sentence is unreasonable. However, the district court appropriately treated the Sentencing Guidelines as advisory, properly calculated and considered the advisory guideline range, and weighed the relevant 18 U.S.C. § 3553(a) (2000) factors. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Smith's 120-month sentence, which is the statutory minimum and below the applicable guideline range of 262 to 327 months, is therefore presumptively reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006); see also Rita v. United States, 127 S. Ct. 2456, 2462-65 (2007) (approving presumption of reasonableness accorded sentences within properly calculated guideline range). We discern no basis in this case to find that the presumption of reasonableness has been overcome. Moreover, Smith's sentence comports with the terms of his plea agreement, notably the government's request for a large downward departure resulting in the sentence below the guideline range.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Smith's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of

the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED